## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

TERRY McNEIL,

      Plaintiff,

      v.

GLOBAL TEL-LINK, et al.,

      Defendants.

CIVIL ACTION NO. 3:15-cv-01243

(BRANN, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

The plaintiff, Terry McNeil, initiated this action by filing his *pro se* complaint on or about June 25, 2015. (Doc. 1). At the time of filing, McNeil was incarcerated at SCI Benner Township, located in Centre County, Pennsylvania. For the reasons stated herein, we recommend that this action be dismissed *sua sponte* as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), § 1915(e)(2)(B)(ii), § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

### I.  BACKGROUND

In his complaint, McNeil alleges that defendant Global Tel-Link[1]

---

[1] The complaint also names an individual named Glenda Rankins as a defendant. Her name is not otherwise mentioned in the complaint itself, but based on the documentary exhibits he has attached to the

*(continued on next page)*

charged excessive long-distance telephone service rates to him and other inmates at SCI Benner Township between 2012 and 2015. McNeil alleges that, as the exclusive provider of long-distance telephone services to inmates under a contract with the Pennsylvania Department of Corrections (the "DOC"), Global Tel-Link charged him $5.40 for each fifteen-minute phone call he placed (approximately 36¢ per minute). McNeil alleges that he spent a total of approximately $800 on Global Tel-Link long-distance calling cards between 2012 and 2015, at which time the DOC entered into a new contract for inmate calling services with Securus Tech, under which inmates are now charged only 6¢ per minute. McNeil seeks a "refund" of the excessive long-distance service charges he paid to Global Tel-Link.[2]

---

complaint, she appears to be an employee of Global Tel-Link who authored a letter responding to McNeil's request that Global Tel-Link refund the purportedly excessive phone charges to him. (*See* Doc. 1-1, at 3).

[2] He does not appear to seek injunctive relief. If requested, any such relief would be moot now, both because the DOC has contracted for less expensive long-distance telephone services at a 6¢ per minute rate the plaintiff has deemed reasonable, and because the Federal Communications Commission has recently capped long-distance rates for state prison inmates at rates it has administratively determined to be reasonable. *See* 47 C.F.R. § 64.6010; *see also id.* § 64.6030.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards).

An action is "frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Thomas v. Barker*, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005). To determine whether it is frivolous, a court must assess a complaint "from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d

Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)); *Thomas*, 371 F. Supp. 2d at 639. Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *See Denton*, 504 U.S. at 32–33. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. A district court is further permitted, in its sound discretion, to dismiss a claim "if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch*, 67 F.3d at 1089.

The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588. "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims

lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. DISCUSSION

This action should be dismissed *sua sponte* as frivolous and for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), § 1915(e)(2)(B)(ii), § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

The plaintiff has asserted federal civil rights claims against the

defendants under 42 U.S.C. § 1983.[3] Section 1983 provides a private

cause of action with respect to the violation of federal constitutional

rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but

instead provides remedies for rights established elsewhere. *City of*

*Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983

claim, a plaintiff must establish that the defendant, acting under color

of state law, deprived the plaintiff of a right secured by the United

---

[3] McNeil's complaint expressly invokes 42 U.S.C. § 1983 as the basis for this civil action. We are obligated to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants, *see generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013), but we nevertheless decline to construe McNeil's *pro se* complaint to include an antitrust claim or an illegal rate claim, as we lack jurisdiction to address such claims. *See Arsberry v. Illinois*, 244 F.3d 558, 566–67 (7th Cir. 2001); *Wheeler v. Beard*, No. Civ.A. 03-4826, 2005 WL 1217191, at *10 (E.D. Pa. May 19, 2005); *McGuire v. Ameritech Servs., Inc.*, 253 F. Supp. 2d 988, 1011–15 (S.D. Ohio 2003).

States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

The "under color of state law" element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). It is beyond cavil that the defendants are private entities or individuals, not arms of the state. *See, e.g.*, *United States v. Rivera*, 292 F. Supp. 2d 838, 839 (E.D. Va. 2003). Under limited circumstances, a private entity or individual may be liable under § 1983 if his or her conduct is so closely related to governmental conduct that it can be fairly viewed as conduct of the state itself. *See Mark*, 51 F.3d at 1142–43 (detailing the various tests used to analyze whether private conduct may be treated as state action). But the mere fact that Global Tel-Link provides telephone services to prisoners pursuant to a contract with the DOC, standing alone, is in sufficient to transform Global Tel-Link into a state actor for § 1983 purposes. *See Williams v. Securus Correctional Billing*, C.A. No. 14-42 Erie, 2014 WL 7338715, at *5 (W.D. Pa. Dec. 22, 2014); *Iswed v. Caruso*, No. 1:08-cv-1118, 2009 WL 4251076, at *3 (W.D. Mich. Nov. 24, 2009); *Breland v. Evercom Sys. Inc.*, No. 7:09-cv-060 (HL), 2009 WL

1490488, at \*1 (M.D. Ga. May 27, 2009); *Middleton v. MCI Telecomm. Corp.*, No. 2:03CV491-FTM29SPC, 2005 WL 2495358, at \*2 (M.D. Fla. Oct. 10, 2005); *Daniels v. Bowles*, No. Civ.A. 3:03-CV-1555-D, 2004 WL 2479917, at \*3–\*4 (N.D. Tex. Nov. 2, 2004). Under these circumstances, McNeil's § 1983 claims against the named defendants are frivolous because they are based on an indisputably meritless legal theory. *See Williams*, 2014 WL 7338715, at \*5.

Even assuming *arguendo* that the named defendants are state actors, the plaintiff has failed to state a claim upon which relief may be granted. The gravamen of McNeil's complaint is that the rates he was charged for the use of the telephone at SCI Benner Township while Global Tel-Link was the exclusive inmate calling services vendor were excessive. Implicit in this assertion is that the allegedly exorbitant rates restricted his ability to call and receive calls from his family and friends. It is generally recognized, however, that while prisoners retain the right to communicate with friends, family, and counsel while in prison, they do not have a right to unlimited phone calls. *See Washington v. Reno*, 35 F.3d 1093, 1099–1100 (6th Cir. 1994). "Instead, a prisoner's right to telephone access is subject to rational limitations in

the face of legitimate security interests of the penal institution. The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Id.* at 1100 (citations and internal quotation marks omitted); *see also Almahdi v. Ashcroft*, 310 Fed. App'x 519, 521 (3d Cir. 2009) (per curiam) (reasonable restrictions on telephone privileges do not violate a prisoner's constitutional rights).

Although the Third Circuit has not yet addressed the issue, other courts have recognized that "[t]here is no authority for the proposition that prisoners are entitled to a specific rate for their telephone calls." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005); *see also Holloway v. Magness*, 666 F.3d 1076, 1079–80 (8th Cir. 2012) ("Just as [the DOC] had no First Amendment obligation to provide any telephone service, it had no obligation to provide that service at a particular cost to users."); *Arsberry v. Illinois*, 244 F.3d 558, 563–66 (7th Cir. 2001) (upholding dismissal of inmate's First Amendment, due process, and equal protection challenges to prison telephone rates). Here, "the complaint alleges no facts from which one could conclude that the rate charged is

- 9 -

so exorbitant as to deprive prisoners of phone access altogether."
*Johnson*, 207 F.3d at 656; *see also Williams v. Securus Correctional Billing*, C.A. No. 14-42 Erie, 2014 WL 7338715, at *2–*4 (W.D. Pa. Dec. 22, 2014) (dismissing First Amendment, due process, and equal protection claims based on allegedly exorbitant inmate telephone rates); *Boyer v. Taylor*, Civil Action No. 06-694-GMS, 2007 WL 2049905, at *9 (D. Del. July 16, 2007) (dismissing First Amendment challenge to inmate telephone rates because "the complaint allege[d] no facts from which one could conclude that the rate charged is so exorbitant as to deprive prisoners of phone access altogether"). Indeed, McNeil has acknowledged in his complaint that he did in fact use the telephone extensively, accruing approximately $800 in telephone charges over a the time period at issue. His dissatisfaction with the price he paid for that telephone service simply does not rise to the level of a constitutional violation.

## IV.   LEAVE TO AMEND

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be

inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108

(3d Cir. 2002). Here, it is clear that amendment would be futile as any

§ 1983 claim against these private-sector defendants arising out of the

inmate calling services provided by Global Tel-Link is legally frivolous.

It is therefore recommended that this action be dismissed *without* leave

to amend.

## V.   PLRA "THREE STRIKES" WARNING

The plaintiff is hereby notified that a prisoner may not bring a

civil action or appeal a civil judgment under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that
> was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under imminent
> danger of serious physical injury.

28 U.S.C. § 1915(g).

If this recommended disposition is adopted by the presiding

United States District Judge, the dismissal of this action as frivolous

and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),

§ 1915(e)(2)(B)(ii), § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1) will

constitute a "strike" under 28 U.S.C. § 1915(g), and the accumulation of

additional strikes may bar the plaintiff from proceeding *in forma pauperis* in later cases absent a showing of imminent danger. *See generally Byrd v. Shannon,*715 F.3d 117, 126 (3d Cir. 2013) (articulating Third Circuit standard for application of § 1915(g) "three strikes" rule).

## VI.   RECOMMENDATION

For the foregoing reasons, it is recommended that:

1.     The complaint (Doc. 1) be **DISMISSED** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), § 1915(e)(2)(B)(ii), § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1); and

2.     The Clerk be directed to mark this case as **CLOSED**.


Dated: November 7, 2016                  ***s/ Joseph F. Saporito, Jr.***
                                         JOSEPH F. SAPORITO, JR.
                                         United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

TERRY McNEIL,

      Plaintiff,

      v.

GLOBAL TEL-LINK, et al.,

      Defendants.

CIVIL ACTION NO. 3:15-cv-01243

(BRANN, J.)
(SAPORITO, M.J.)

## <u>NOTICE</u>

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated November 7, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: November 7, 2016          *s/ Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States Magistrate Judge